United States District Court
Southern District of Texas
**ENTERED**
June 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Giovanna Bulox, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| versus § | Civil Action H-21-2320 |
| § | |
| CooperSurgical, Inc., et al., § | |
| § | |
| Defendants, § | |

## Opinion and Order Denying Dismissal

1. *Background.*

CooperSurgical, Femcare, Ltd., and Utah Medical Products manufacture and distribute birth control devices called Filshie Clips. They are 3-5 millimeters wide and are placed on the fallopian tubes. The clips apply pressure across the fallopian tubes until they decrease in size, reducing the chances of pregnancy.

On July 13, 2010, Giovanna Bulox had tubal ligation surgery. Several years after the surgery, she began experiencing pain. Because her medical records were not relayed to her healthcare providers by Coopersurgical, it led them to believe her gallbladder was causing her pain, and it was removed. In August 2019, Bulox had severe pain and discomfort while flying to Italy. Once back in Texas, she immediately underwent surgery where a Filshie Clip was recovered from the inside of her intestinal wall. Bulox had a second surgery in November to extract the second Filshie Clip, which had also migrated.

Merlo had the same procedure as Bulox in August 2009. Several years after the surgery, she began having the same pain and discomfort as Bulox. In January 2020, radiology showed that the clips had migrated in her body. She had another surgery in February, but doctors could not find them laparoscopically. Merlo sought another opinion from a surgeon, who said that the risks outweighed the benefits of removing the clips. Merlo continues to have displaced Filshie Clips in her body.

Bulox sued Coopersurgical, Inc., The Cooper Companies, Inc., Femcare, Ltd.—U.K. subsidiary of Utah Medical Products, Inc., and Utah Medical Products, Inc., for:

    (a) design defects,

    (b) manufacturing defects,

    (c) failure to warn,

    (d) strict liability,

    (e) negligence,

    (f) gross negligence, and

    (g) violation of consumer protection laws.

Utah and Femcare have moved to dismiss for: (a) lack of jurisdiction, (b) failure to state a claim, and (c) expiration of statute of limitations.

2.    *Jurisdiction.*

Utah and Femcare say that the Court lacks jurisdiction. They say that the complaint insufficiently pleaded facts to support jurisdiction.

The Court has jurisdiction if the defendants have minimum contacts with the forum state which does not offend traditional notions of fair play and substantial justice.

The defendants are corporations that manufacture, design, and distribute Filshie Clips. They are citizens of Utah and England. In the pleadings, Bulox says that they distribute their products and intend that they be used by medical professionals treating patients in Texas. Bulox says that they conduct substantial business in Texas. Bulox has pleaded sufficiently.

The parties are subject to the court's jurisdiction. They have purposely availed themselves of Texas. They placed a product in the stream of commerce with the intent that it reach the state of Texas and continue to conduct substantial business in Texas. Defendants have minimum contacts with the state of Texas. This action arises out of the parties purposeful contacts with Texas.

3. *Failure to State a Claim for Relief.*

Utah and Femcare say that Bulox failed to state a claim for relief in her pleadings and moved to dismiss under Rule 12(b)(6). Their motion has two pages of precedent reciting standards of review, never attempting to apply those standards to the pleadings of this case. It does not address the substance of Mrs. Bulox pleadings or make an analysis.

4. *Limitations.*

Utah and Femcare say that the causes of action in this case were filed outside the two-year statute of limitations period. They say that the discovery rule should not apply because their injuries were discoverable through reasonable diligence. In the alternative, they say that even if the discovery rule applies, Bulox did not file within the two year period.

Texas law applies in this diversity case.[1] In Texas, a two-year statute of limitations governs personal injury actions.[2] The discovery rule tolls the statute of limitations until the plaintiff discovers, or through the exercise of reasonable care and diligence should have discovered, the nature of the injury.[3] The injury must be (1) inherently undiscoverable and (2) objectively verifiable.[4]

"Texas courts explain the 'inherently undiscoverable' requirement as not needing to be absolutely impossible to discover, but of such a nature that it is unlikely to be discovered within the prescribed limitations period despite due diligence."[5] Objectively verifiable "means that the presence of the injury and the producing wrongful act cannot be disputed."

---

[1] *Foradori v. Harris*, 523 F.3d 447, 486 (5th Cir. 2008).

[2] TEX. CIV. PRAC. & REM. CODE § 16.003(a).

[3] *Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 467 (5th Cir. 1999).

[4] *Barker v. Eckman*, 213 S.W.3d 306, 312 (Tex. 2006).

[5] *Brandau v. Howmedica Osteonics Corp.*, 439 Fed. App'x 317, 321-22 (5th Cir. 2011).

On July 10, 2010, Bulox had surgery to have the clips attached. Several years later, the pain she was experiencing led doctors to believe her gallbladder was the source of her pain, which was removed. In 2019, she was in extreme discomfort while overseas in Italy. Italian doctors confirmed that her gallbladder was not the source of her pain, leaving open numerous other possibilities. On August 10, 2019, she learned that the cause of her pain were the displaced clips, eliminating all doubt as to the source. Bulox neither knew nor had reason to know that the clips placed on her fallopian tubes had migrated through her intestinal wall. Her doctors did not know either. Her gallbladder was removed in an attempt to alleviate her pain. Italian doctors were unable to make a diagnosis during her trip to Italy in 2019. She exercised due diligence by continuing to seek medical opinions. Bulox's injury was inherently undiscoverable. On August 10, 2019, the statute of limitations began to run when the injury became objectively verifiable, and she had actual knowledge of the source of her pain. The statute of limitations expired on August 10, 2021. Bulox timely filed this present action in July 2021.

5. *Amended Complaint.*

Bulox's amended complaint adds Femcare and Utah Medical as defendants. Her claims against them arises out of the same transaction as the other defending parties. These newly added parties were properly served and suffer no prejudice in the current action. They knew or should have known that they may be hauled into court as parent companies of the already named defendants.

6. *Conclusion.*

Utah and Femcare's Rule 12(b)(2) and (6) motions are denied. (43)

Signed on June *14*, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge