UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

June 23, 2022

Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Giovanna Bulox, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | Civil Action H-21-2320 |
| | § | |
| CooperSurgical, Inc., *et al.*, | § | |
| | § | |
| Defendants, | § | |

## Opinion on Summary Judgment

1.    *Introduction.*

The question is whether a genuine issue of material fact exists about whether CooperSurgical, Inc., acts as the alter-ego of its parent corporation, The Cooper Companies, Inc.

2.    *Background.*

CooperSurgical is a corporation that sells and distributes birth control devices called Filshie Clips. CooperSurgical is one of three major subsidiaries of its parent corporation, The Cooper Companies, Inc.

In 2010, Bulox had surgery to implant two Filshie Clips across her fallopian tubes. In 2019, the clips were removed after migrating behind her intestinal wall.

On July 16, 2021, Bulox sued CooperSurgical, and The Cooper Companies. On October 19, 2021, Bulox added Utah Medical Products, Inc. and Femcare, Ltd. as defendants. The parties began limited discovery on this. The Cooper Companies now move for summary judgment.

3.    *Vicarious Liability.*

The alter-ego theory of liability occurs when a corporation is organized and operated as an instrument of another. The alter-ego theory applies when

there is such unity between the entities that the parent corporation should be held liable through the acts of its subsidiary.[1]

A court may not hold a corporation liable for the obligations of its subsidiary unless the subsidiary is being used as a scheme to perpetuate fraud, avoid liability, or in other exceptional circumstances.[2] There must be more than a mere unity of financial interest, ownership and control to hold the parent liable through its alter-ego subsidiary.[3]

A court looks at these factors to determine if the entities are separate: common employees; common offices; centralized accounting; payment of wages by one corporation to another's employee's; common business name; services rendered by the employees of one corporation on behalf of another corporation; and unclear allocation of profits and losses between corporations.[4]

Bulox says that The Cooper Companies is vicariously liable through its alter-ego subsidiary, CooperSurgical. Bulox says numerous press releases issued by The Cooper Companies that detail recent acquisitions by CooperSurgical proves they are acting as one entity.

During initial discovery, Bulox deposed the corporate counsel for Cooper Companies, Cynthia Wallace. She said that Cooper Companies has been a registered organization in Delaware since the early 1980s, with its headquarters in California. CooperSurgical was formed as a separate corporate entity in 1990, with its headquarters in Connecticut. She said that CooperSurgical is not publicly traded, and their success is reflected by the stock price of Cooper Companies. She said that the president of CooperSurgical reports directly to the CEO of Cooper Companies, which is a common parent-subsidiary practice.

---

[1] *Wilson v. Davis*, 305 S.W.3d 57, 69 (Tex. App. —Houston [1st. Dist.] 2009, no pet.).

[2] *Lucas v. Tex. Indus., Inc.*, 696 S.W.2d 373, 374 (Tex. 1984).

[3] *Hanson Sw. Corp. v. Dal-Mac Constr. Co.*, 554 S.W.2d 712, 715 (Tex. 1977).

[4] *SSP Partners v. Gladstrong Investments (USA) Corp.*, 275 S.W.3d 444, 450-51 (Tex. 2008).

She said that it is uncommon for employees of one division to move to another, or for Cooper Companies to hire employees from CooperSurgical. Cooper Companies would have company events for its employees, but there are no active events between the entities or their respective employees. Each entity would have events for their own employees. Wallace said that it was common for both entities to make press releases to publicize new acquisitions, hires, and other announcements.

CooperSurgical acquired distribution rights to the Filshie Clip by purchasing another business. She said that acquisitions by CooperSurgical are determined by its management team. If there were product issues within CooperSurgical, then its management team would be the ones ultimately responsible to resolve it.

The record shows that CooperSurgical is not acting as the alter-ego of Cooper Companies. Wallace said that it was uncommon for Cooper Companies to hire from its subsidiaries and share employees. The two entities have separate headquarters, besides them both being incorporated in Delaware. There appears to be some essence of centralized accounting by Cooper Companies consolidating assets of CooperSurgical in its financial reports, but the parent company does not pay its subsidiary's employees or make financial decisions for them. CooperSurgical's president may report to the CEO of Cooper Companies, but there is nothing unusual about this corporate structure and neither is the fact that Cooper Companies appoints the president of CooperSurgical. Cooper Companies does not own the distribution rights of Filshie Clips. Those rights were acquired by CooperSurgical in their own capacity and at the approval of its own management.

CooperSurgical's structure and actions are independent from Cooper Companies. The entities have their own separate operations aside from the normal parent-subsidiary governance. CooperSurgical is not an alter-ego of The Cooper Companies.

4.   *Conclusion.*

The Cooper Companies, Inc., motion for summary judgment is granted.
(46).

Signed on June **22**, 2022, at Houston, Texas.

 

Lynn N. Hughes
United States District Judge