Case 4:21-cv-02320   Document 184   Filed on 02/26/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
February 26, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GIOVANNA BULOX, *et al.*, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Case No. 4:21-CV-02320 |
| | § | |
| COOPERSURGICAL, INC., *et al.*, | § | |
| *Defendants.* | § | |

# ORDER ON PLAINTIFFS' *DAUBERT* MOTION FOR DR. SHARP[1]

Before the Court is Plaintiffs' motion to exclude an opinion of Defendants' expert witness, Howard Sharp, M.D. ECF No. 129.[2] Plaintiffs argue that Dr. Sharp's opinion that factors other than migrated Filshie Clips caused Plaintiffs' injuries is unreliable, based on speculation and conjecture, and not tied to the evidence in this matter. ECF No. 129 at 4. Defendants respond that Dr. Sharp's opinion is reliable because he is not required to identify a single cause of Plaintiffs' pain and may rule out a potential cause without identifying an alternative cause. ECF No. 144 at 3. Based on the briefing,[3] applicable law, and record, Plaintiffs' motion is denied because the raised arguments are not suitable grounds for exclusion.

---

[1] The district judge to whom this case is assigned referred this motion in accordance with 28 U.S.C. § 636(b). Order, ECF No. 173.

[2] The Court noted that one unresolved issue impacting the viability of Plaintiffs' claims is federal preemption: the primary defense Defendants raise in their pending motions for summary judgment, *see* ECF Nos. 123, 124, 125, and ordered counsel to identify which motions to strike experts are relevant to resolution of that question. ECF No. 174. Plaintiffs identified this as one of the relevant motions. ECF No. 176.

[3] Defendants filed a response, ECF No. 144, and Plaintiffs filed a reply, ECF No. 156.

I.   **BACKGROUND**

Defendants CooperSurgical, Inc., Femcare, Ltd., and Utah Medical Products, Inc. manufacture and distribute birth control devices called Filshie Clips. ECF No. 40 ¶ 19. Filshie Clips are 3-5 millimeters wide and are laparoscopically placed on the fallopian tubes. ECF No. 40 ¶ 21. Plaintiffs are individuals who had tubal ligation surgery in 2009 and 2010. ECF No. 40 ¶¶ 32, 46. In 2019, after years of experiencing pain, doctors removed two migrated Filshie Clips from Bulox's body, one in her intestinal wall. ECF No. 40 ¶¶ 36, 39, 42–45. Plaintiff Merlo had the same pain several years after her surgery, and in 2020, radiology showed the Filshie Clips migrated in her body. ECF No. 40 ¶¶ 50–51. An attempt to remove them laparoscopically was unsuccessful; Merlo still has displaced Filshie Clips in her body. ECF No. 40 ¶¶ 52–53. Plaintiffs sued Defendants for: (1) design defect; (2) manufacturing defect; (3) failure to warn; (4) strict liability; (5) negligence; (6) violation of consumer protection laws; (7) gross negligence; and (8) exemplary damages. ECF No. 40 at 17–32.

Plaintiffs seek to exclude one of Dr. Sharp's opinions. ECF No. 129. Defendant designated Dr. Sharp as a rebuttal expert to Plaintiffs' expert, Bruce Rosenzweig, M.D., to "offer a differential diagnosis on the complex issue of the medical cause for Plaintiffs' claimed injuries—in essence pain allegedly caused by a Filshie Clip that migrated." ECF No. 144 at 2. Dr. Sharp opined that the Filshie Clip is not the likely cause of Plaintiffs' pain. ECF No. 144 at 2. Plaintiffs argue that

he should not be allowed to testify that factors other than migrated Filshie Clips were the cause of Plaintiffs' pain because he has "openly acknowledged the absence of any alternative reason, evidence, or cause for the pain and subsequent injuries incurred by Plaintiffs," and, therefore, they claim his opinion does not meet the standard for reliability. ECF No. 129 at 1, 4.

## II.  RELEVANT LAW

Federal Rule of Evidence 702 provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

District courts act as the gatekeeper in making determinations as to the admissibility of expert testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). As a preliminary matter, a district court must determine whether the proffered witness qualifies as an expert "by virtue of his knowledge, skill, experience, training, or education." *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009) (quotation omitted). If the expert is qualified, the "overarching

concern" becomes "whether the testimony is relevant and reliable." *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 293 (5th Cir. 2019); *Bryant v. Intercontinental Terminals Co. LLC*, No. 4:19-CV-01460, 2023 WL 4108844, at *3 (S.D. Tex. June 21, 2023), *reconsideration denied*, No. 4:19-CV-01460, 2023 WL 4626676 (S.D. Tex. July 18, 2023) (quoting *Brown v. Illinois Cent. R. Co.*, 705 F.3d 531, 535 (5th Cir. 2013) (quoting *Daubert*, 509 U.S. at 589)). To be reliable, expert testimony must "be grounded in the methods and procedures of science and be more than unsupported speculation or subjective belief." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (cleaned up). To be relevant, the expert's "reasoning or methodology [must] be properly applied to the facts in issue." *Id*. (quotation omitted).

"As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility." *Puga*, 922 F.3d at 294. A district court's role under Rule 702 "is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role—the court's role is limited to ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue so that it is appropriate for the jury's consideration." *Id*. As the United States Supreme Court explained: "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. "While the district court must act as a gatekeeper to exclude all irrelevant and unreliable expert testimony, 'the rejection of expert

testimony is the exception rather than the rule.'" *Puga*, 922 F.3d at 294 (quoting FED. R. EVID. 702 advisory committee's note to 2000 amendment).

The test of reliability is flexible—the Supreme Court has recognized the *Daubert* factors[4] "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *First v. AGCO Corp.*, No. 7:21-CV-0006-O, 2022 WL 1199211, at *1 (N.D. Tex. Mar. 8, 2022) (quoting *Kumho Tire*, 526 U.S. at 150). A district court has wide latitude in deciding *how* to determine reliability, just as it has considerable discretion with respect to the ultimate reliability determination. *Id.* (emphasis added) (citing *Kumho Tire*, 526 U.S. at 152).

The offering party must prove "'by a preponderance of the evidence that the testimony is reliable,' not that it is correct." *Bryant*, 2023 WL 4108844, at *3

---

[4] To meet this gatekeeping function, the Court "must make 'a preliminary assessment of whether the reasoning or methodology underlying the testimony is . . . valid and of whether that reasoning or methodology properly can be applied to the facts in issue.'" *Bryant*, 2023 WL 4108844, at *3 (quoting *Brown*, 705 F.3d at 535) (quoting *Daubert*, 509 U.S. at 592–93). *Daubert* lists five non-exclusive factors to consider when assessing the validity or reliability of expert testimony:

1. Whether the theory or technique has been tested;
2. Whether the theory or technique has been subjected to peer review and publication;
3. The known or potential rate of error of the method used;
4. The existence and maintenance of standards and controls in the methodology; and
5. Whether the theory or method has been generally accepted by the scientific community.

*Daubert*, 509 U.S. at 593–95. These factors are not necessarily limited to scientific evidence and apply to testimony offered by non-scientific experts, depending upon "the particular circumstances of the particular case at issue." *Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999).

(quoting *Swanston v. City of Plano, Tex.*, 2021 WL 327588, at *2 (E.D. Tex. Feb. 1, 2021) (quoting *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998))). The trial judge's discretion "will not be disturbed on appeal unless manifestly erroneous." *Id.* (quoting *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir. 1997) (cleaned up)).

## III. PLAINTIFFS FAIL TO CARRY THEIR BURDEN.

Plaintiffs argue that because Dr. Sharp does not opine as to "what, other than Filshie Clip migration, caused Plaintiffs' injuries," his opinion is based on speculation and conjecture and is not tied directly to the evidence. ECF No. 129 at 4. Plaintiffs contend that, by not suggesting a plausible alternative cause, Dr. Sharp's opinion is unreliable, lacking a proper foundation, and could mislead the jury and invite speculation. ECF No. 129 at 8.

Defendants respond that Dr. Sharp is not required to identify a single cause of Plaintiffs' pain—"it is well within his expertise and experience to be able to rule out a potential cause of pain without definitively identifying an alternative cause." ECF No. 144 at 3. Defendants assert that his rebuttal opinion is reliable "based in his understanding of the Filshie Clip, human physiology, Plaintiffs' medical history, and his medical expertise in diagnosing and treating pelvic pain like . . . Plaintiffs'" ECF No. 144 at 3. Defendants also note that despite Plaintiffs' contention, Dr. Sharp does suggest several probable causes of Plaintiffs' complaints, namely significant

medical histories, complaints preceding the tubal ligation, and remaining complaints after the clip removal. ECF No. 144 at 6–7, 9.

Plaintiffs do not question Dr. Sharp's qualifications as an expert, but rather the reliability of his opinion. Ultimately, these reliability issues are related to the weight and not admissibility of the contested opinion. *Puga*, 922 F.3d at 294. Thus, the Court finds that the Plaintiffs have failed to carry their heavy burden to exclude Dr. Sharp's testimony.

In contrast, Defendants have shown that Dr. Sharp satisfies the requirements of Rule 702 and *Daubert*. *See* ECF Nos. 144-1; 144-2. Dr. Sharp utilized his years of specialized knowledge as a medical doctor, specifically as an obstetrician and gynecologist familiar with Filshie Clips and human physiology, as the basis of his opinion. ECF No. 144-2 at 2. In reaching his opinion, Dr. Sharp examined Plaintiffs' medical histories and medical records, and reviewed Plaintiffs' expert materials and materials related to clip migration, including clinical reports. ECF No. 144-2 at 2–4.

Plaintiffs' motion fails to show any *Daubert* factor warranting exclusion. Regardless of whether Dr. Sharp's opinion is correct or not, he has sufficiently articulated a basis for his opinion. That he did not physically examine both Plaintiffs is insufficient to show that his opinion should be excluded as unreliable. *See Grant v. CRST Expedited, Inc.*, No. 1:18-CV-433, 2021 WL 1151560, at *10 (E.D. Tex. Jan. 28, 2021) ("Thus, Dr. Graham's reliance on Grant's medical records, instead of personally examining him, does not compel the conclusion that his opinion must be

excluded; rather, that issue goes to the weight—not the admissibility—of his testimony.") (citing *Moultrie v. Coloplast Corp.*, No. 2:18-CV-00231-PLD, 2020 WL 1248913, at *4 (W.D. Pa. Mar. 16, 2020) (finding that the expert's reliance on another doctor's assessment did not require the expert's exclusion, but it would go to the weight of his testimony); *Mendoza v. Lafarge N. Am., Inc.*, No. CV 15-1257, 2016 WL 153952, at *3 (E.D. La. Jan. 13, 2016) ("[The expert]'s examination of the pertinent medical records is an acceptable methodology; the lack of a physical examination does not render [the expert]'s testimony inadmissible. Plaintiff is free to challenge [the expert]'s testimony on cross-examination.")).

Further, the Court need not address whether Defendants are permitted to rebut Plaintiffs' experts with Dr. Sharp's opinion that factors outside of the clip migration caused Plaintiffs' pain without identifying alternative causes. First, Plaintiffs fail to support this contention with authority. Thus, Plaintiff's argument is waived for inadequate authority. *See Francisco E. v. Comm'r of Soc. Sec. Admin.*, No. 3:21-CV-3231-L-BK, 2023 WL 2450160, at *4 (N.D. Tex. Jan. 27, 2023), *adopted sub nom. Esparza v. Comm'r of Soc. Sec. Admin.*, No. 3:21-CV-3231-L-BK, 2023 WL 2160354 (N.D. Tex. Feb. 22, 2023) (where Plaintiff cites no case law, court found he has waived the issue) (citing *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) ("Where analysis is so deficient, this court has considered the issue waived for inadequate briefing.")). Second, contrary to Plaintiffs' argument, Dr. Sharp *does* provide alternative causes, namely, lengthy medical histories from

both Plaintiffs containing other potential causes and in Ms. Bulox's case, persistent complaints of pain before clip placement and after removal. ECF No. 144-2 at 8–13. Plaintiffs' complained-of deficiencies address Dr. Sharp's credibility and not the reliability of his testimony.

As such, these issues are better left to cross-examination in which Plaintiffs may present other evidence and undermine the factual predicates on which Dr. Sharp relies. *See Daubert*, 509 U.S. at 596. In sum, Plaintiffs' motion contains objections to the weight and not admissibility of Dr. Sharp's testimony, which are objections best handled in vigorous cross-examination. Therefore, exclusion of this opinion is not appropriate.

## IV.  CONCLUSION

Therefore, Plaintiffs' motion to exclude Dr. Sharp's opinion, ECF No. 129, is **DENIED**.

**It is so ORDERED.**

Signed on February 26, 2025, at Houston, Texas.

_Dena Palermo_
**Dena Hanovice Palermo**
**United States Magistrate Judge**